BOARDMAN, Acting Chief Judge.
Appellant Raymond C. Distiso, a prisoner incarcerated in DeSoto Correctional Institute, appeals the trial court’s order denying his petition for writ of habeas corpus. We reverse.
The Commonwealth of Pennsylvania requested temporary custody of Distiso pursuant to the Interstate Agreement on De-tainers, section 941.45-.50, Florida Statutes (1983). Pennsylvania’s request stated that Distiso was charged by complaint with the offense of escape, for which he would be brought to trial upon his return to that jurisdiction. A photocopy of the Pennsylvania charging document, containing a photocopied certification by a commonwealth district justice, accompanied the request.
Distiso opposed Pennsylvania’s request and subsequently filed a pro se petition for writ of habeas corpus. Appellant’s refusal to return voluntarily to the requesting jurisdiction prompted Florida Interstate Compacts Administrator Charles H. Lawson to request certified' copies of various documents, including the Pennsylvania charging instrument, from Pennsylvania District Attorney Michael E. Weinstein. Lawson advised Weinstein that Distiso’s opposition to the transfer would necessitate a judicial hearing under the United States Supreme Court’s holding in Cuyler v. Adams, 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981), and that the specified documents would be utilized in that proceeding. The record on appeal, however, does not include the particular documents supplied by Wein-stein in response to Lawson’s request.[1]
Pursuant to Cuyler v. Adams, the state of Florida petitioned the circuit court to grant Pennsylvania’s request for temporary custody; after a hearing, the trial court conditionally granted the state’s petition. Similarly, the trial court subsequently denied appellant’s petition for writ of habeas corpus after conducting a second hearing during which the sufficiency of the photocopied certification was fully contested. The orders entered in both proceedings specifically found that the requesting state’s documents were in proper form, that criminal charges were pending against appellant in Pennsylvania, and that appellant correctly had been identified as the individual sought.
We disagree with the trial court’s conclusion that the documents relied upon by the requesting state were “in order.” Section 941.45(5)(b)2, Florida Statutes (1983), obligates the state accepting an offer of temporary custody to furnish upon demand “[a] duly certified copy of the indictment, information, or complaint on the basis of which the detainer has been lodged and on the basis of which the request for temporary custody of the prisoner has been made.” Thus, Mr. Lawson’s request for certified copies of the complaint, advanced in his official capacity as Interstate Compacts Administrator, apparently obligated Pennsylvania to furnish a “duly certified” copy of its charging document.[2]
Suffice it to say that the record before us — which is dispositive of this appeal— simply does not contain a duly certified copy of the Pennsylvania compláint. None of the photocopied charging documents presented for our examination bears an original signature of the appropriate records custodian, and, thus, none can be said to have been duly certified. We note, of course, that Pennsylvania easily can correct this deficiency in subsequent proceedings; our decision in no way prejudices the *990 state’s ability to gain temporary custody of Distiso by submitting a new request and, upon demand, presenting proper documentation under section 941.45(5)(b)2.
Accordingly, we REVERSE the trial court's order and REMAND with directions to grant appellant’s petition for writ of habeas corpus.
GRIMES and CAMPBELL, JJ., concur.

. Florida Assistant State Attorney David Denny also requested triplicate certified copies of the same documents sought by Lawson. Again, the record does not contain the documents forwarded by Weinstein in compliance with this request. Nevertheless, it is clear that the copies of the Pennsylvania complaint presented to the trial court contained photocopied certifications.

. Although neither party examines the statutory framework of the Interstate Agreement on De-tainers, both concede that a certified copy of the charging instrument was necessary in the instant case.